GILLENWATER v. JOHNSON.

5-549                                    290 S. W. 2d 1

Opinion delivered May 14, 1956.

Norton & Norton and Harvey G. Simmons, for appellant.

Daggett & Daggett and Ronald A. May, for appellee.

PAUL WARD, Associate Justice. On March 24, 1955 appellee, James Johnson, was struck and injured by a pickup truck which was owned by appellant, Wallace Gillenwater, and driven by his employee, Cleophus Hicks. A suit for damages was filed by appellee alleging negligence on the part of appellant's employee-driver, and also alleging a fracture of the left fibula, mangled and lacerated right ear, and contusions on chest, shoulders and back. In his answer appellant alleged contributory negligence on the part of appellee, and further, (a) that on March 30, 1955 appellee released appellant of all claims in consideration of the payment to him of $100 and a promise to pay up to $100 for medical expenses,

and (b) appellee ratified and confirmed the above settlement by endorsing and cashing a draft for $100 on April 1, 1955. A jury trial resulted in a judgment in favor of appellee, and appellant prosecutes this appeal.

The only grounds relied on by appellant for reversal are (a) the release executed by appellee on March 30, 1955 and (b) the ratification by appellee on April 1, 1955 when he endorsed and cashed the settlement check. Both of these grounds are covered by appellant's assertion and appellee's denial that James Johnson was mentally capable of understanding and executing the release on March 30th and the ratification on April 1st. Since appellant makes no objection to any of the court's instructions, the question for our decision here may be stated in this way: Is there substantial evidence to sustain the jury's finding that appellee did not have mental capacity to understand and appreciate the effect of the release and ratification. After a careful consideration of all the testimony we reach the conclusion that this question must be answered in the affirmative.

It is not denied that on March 30th appellee, after he was injured on March 24th, made a settlement for $100 in lieu of all injuries sustained and the like amount for medical expenses, or that on April 1st he endorsed and cashed the draft for $100. It is not contended by appellee that the representative of the insurance company involved made any misrepresentation to or in any way over reached appellee to induce appellee to make the settlement or accept the draft. There are, however, other facts and circumstances disclosed by the record which we think justified the jury in reaching its verdict.

Appellee is a negro about 90 years old with scarcely any education. It is admitted by appellant that at the time the settlement was made appellee was injured more severely than he himself knew or the insurance company's representative knew. Following the accident appellee was treated by a physician who prescribed, and appellee took, codeine tablets. One doctor testified that appellee could have had a slight concussion and that appellee, as a result of the accident and of taking the

codeine tablets, could be incapable and incompetent to transact business at the time the settlement was made. Another doctor, in answer to a hypothetical question, stated: "Taking into consideration his age, and with cerebral arteriosclerosis, and never having been to a doctor before, and probably never having taken any codeine before, he could have probably got a 'buz' on— kind of a slight drunk with half a grain of codeine. I think all of that, that would affect his mental processes some."

Appellant makes the point that there is no testimony to show the mental condition of appellee at the exact time the settlement was made, and argues that he could have had a lucid interval at that particular time in spite of the medical testimony referred to above. We think however that the question for the jury was whether appellee's over all mental condition was such, during the period from March 30th to April 1st, that he fully understood and realized the implications and results of his actions in attempting to release his claim for injuries.

Affirmed.